DAVIES v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. October 3, 1916.)

No. 2354.

MASTER AND SERVANT ⊜129(7)—INJURIES TO SERVANT—NEGLIGENCE OF MASTER.

A railroad company is not liable for injuries received by an employe, who was struck by the top of a switch stand, where the physical facts showed that he must have been in an unusual position, and the switch

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was of the usual approved pattern, not unsuited to the particular locality, being placed in accordance with the general standard.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 263; Dec. Dig. ☞129(7).]

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Action by James Davies against the Chicago, Milwaukee & St. Paul Railway Company, a corporation. There was a judgment for defendant, and plaintiff brings error. Affirmed.

Edwin J. Gross, of Milwaukee, Wis., for plaintiff in error.

C. H. Van Alstine, of Milwaukee, Wis., for defendant in error.

Before KOHLSAAT, MACK, and ALSCHULER, Circuit Judges.

PER CURIAM. The serious injuries sustained by plaintiff in error, evoking the natural sympathy of this court, as of the trial court, have caused us most carefully to review the evidence on the error assigned in the direction of a verdict for defendant. We are, however, constrained to concur in the conclusion of the trial judge, for the reason stated by him in directing the verdict and in overruling the motion for a new trial, that there is no such evidence of negligence as would have justified the submission of the cause to the jury.

Defendant adopted a switch, standard in height and distance from tracks, for use between two parallel main tracks spaced apart at a standard distance. No proof was offered tending to show, either that the progress of the art had made any of these standards obsolete, or that the switch so located was dangerous or unsuited to the particular locality. That with the use of a different switch at this particular point, under the circumstances of the accident, the injuries would probably have been averted, is not in itself sufficient to justify a finding of negligence.

The proof that the distance from the top of the tie to the lowest step on which plaintiff could stand, plus the measurement from plaintiff's sole to the hip bone, which was struck, exceeded the height of the switch stand by nearly two feet, demonstrated that either plaintiff was not knocked off the step by the stand, as he had testified, or that he was in an unusual squatting position. We concur in the view of the trial judge that such a position was necessarily so unusual as not to be reasonably foreseeable by defendant, or to lay a foundation for the negligence charged in not lowering the standard height of the switch, a height clearly sufficiently low under all but extraordinary conditions.

Judgment affirmed.